## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DAVID SALEWSKE on**
**behalf of himself and all others**
**similarly situated,**

|  |  |
|---|---|
| **Plaintiff,** | Case No. |
|  | Hon. |
|  | Magistrate Judge: |
| **v.** | **Proposed Class Action** |

**TROTT & TROTT, P. C.,**

　　　　　　**Defendants.**

---

## COMPLAINT AND DEMAND FOR JURY

NOW COMES Plaintiff, David Salewske ("Plaintiff") by and through counsel, The Law Offices of Brian Parker, PC, and brings this Class Action under FRCP 15 against the above listed Defendant, Trott & Trott P.C. ("Trott" or "Defendant") on the grounds set forth herein:

## I.   PRELIMINARY STATEMENT

Plaintiff brings this action for damages and injunctive relief based upon the Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and The Regulation of Collection Practices Act (RCPA), codified at MCL 445.251 et seq.,

## II. PARTIES

1.

Plaintiff David Salewske is an individual who resides in the City of Cheboygan, Cheboygan County, and State of Michigan.

2.

Defendant Trott & Trott, P.C. is a law firm organized as a Michigan Corporation with offices at 31440 Northwestern Hwy., Suite 200, Farmington Hills, MI 48334 of Oakland County, State of Michigan 48307.

3.

Trott is a foreclosure law firm engaged in the business of using the mails and telephone to collect consumer debts originally owed to others, including residential mortgage debts. See *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453.

4.

Mortgage foreclosure is debt collection under the FDCPA. See *Glazer v. Chase Home Finance, LLC*, 704 F. 3d 453, Page 11. "In fact, every mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion  (i.e, forcing a settlement) or compulsion (i.e., obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt)." See *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453.

2

5.

Mortgage Foreclosure is a method of collecting a debt by acquiring and selling secured property to satisfy a debt. *Shapiro & Meinhold v. Zartman*, 823 P.2d 120, 124 (Colo. 1992).

6.

Plaintiff, on behalf of himself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the Defendant (collectively referred to hereinafter as "Defendants" or "Defendant") who, *inter alia*, used false, deceptive, misleading, unconscionable, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiff and others.

7.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.   Whether a debt collector's actions are false, deceptive, or misleading under § 1692(a)-g is based on whether the "least sophisticated consumer" would be misled by a defendant's actions. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006).). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

8.

In applying the "least sophisticated consumer" standard, the Sixth Circuit

has adopted the "more than one reasonable interpretation standard." *Kistner*, 518 F.3d at 441. Under that approach, a collection letter can be "deceptive" if it is open to "more than one reasonable interpretation, at least one of which is inaccurate." Id. (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). "[T]he 'more than one reasonable interpretation' standard is applicable to the entirety of § 1692e as a useful tool in analyzing the least sophisticated consumer test." Id.

9.

Whether a debt collector's actions are false, deceptive, or misleading under §1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank*, 683 F.3d. 323, 327 (6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006).

10.

Trott holds itself out as a debt collector in its letters and as defined in the FDCPA but is failing to provide the required validation and dispute notice under15 U.S.C. § 1692g .

### III. JURISDICTION AND VENUE

11.

This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

# IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 12.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

### 13.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

### 14.

Under the FDCPA, Trott is collecting a "debt" which means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

### 15.

Under the FDCPA, a "debt collector" is any person who uses any

5

instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

16.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

17.

Section 1692(g)(2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the statute requiring the identity of the creditor to be "material" to the communication. *Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 487 (E.D. N.Y. 2013).  "We are persuaded that, in the context of debt collection, the identity of a consumer's original creditor is a critical piece of information, and therefore its false identification in a dunning letter would be likely to mislead some consumers in a material way. *Tourgeman v Collins Financial Services, Inc.*, Court of Appeals, 9th Circuit, (June 25, 2014).

18.

The FDCPA among other things, mandates that, as part of notice a debt, a

"debt collector" must "send the consumer a written notice containing"-along with other information-"the name of the creditor to whom the debt is owed[.]" 15 U.S.C. §1692g(a)(2).   In addition, the Act prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §692e.   The use of "or" in § 1692e means that, to violate the FDCPA, a representation by a "debt collector" must merely be false, or deceptive, or misleading.   A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed. *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1283 (11th Cir. 2012).

## MICHIGAN COLLECTION PRACTICES ACT (RCPA)

### 19.

The Michigan Collection Practices Act (RCPA), MCL 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

### 20.

"Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or

contract for a purchase made primarily for personal, family, or household purposes.

21.

"Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to

the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim.

### 22.

"Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium.

### 23.

"Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt.

### 24.

"Person" means an individual, sole proprietorship, partnership, association, or corporation.

### 25.

"The RCPA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard of *Kistner*, 518 F.3d at 441. *McKeown v. Mary Jane M. Elliott P.C.,* No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.,* 126 B.R. 422, 426 (D.Del.1991)).

## V. LEGAL BACKGROUND

### 26.

The FDCPA offers a mandatory guide for debt collectors to provide the

dispute notice to consumers:

> **(a) Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>> **(1)** *the amount of the debt*;
>> **(2)** *the name of the creditor to whom the debt is owed*;
>> **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>> **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>> **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 USC § 1692g - Validation of debts

27.

Congress' intent in enacting § 1692g was to provide an alleged debtor with proper notice of the amount of the debt and who is pursuing the debtor to allow consumers to respond to in the initial communication of a collection agency . The Letter at **Exhibit 1** is crafted to avoid providing Michigan consumers the name of the creditor and amount of debt especially if the debtor is seeking reinstatement.

28.

10

The correct identification of the creditor is important because consumers have different rights with respect to the creditor and servicer and a debt collector. Defendant clearly violates the purpose of §1692g(a)(2), which is to identify the current owner of the debt, so that the consumer can ascertain that the collection agents seeking to collect money from him are in fact authorized to do so. There have long been widespread problems with scammers who claim to be authorized to collect money on behalf of creditors, but aren't. See FTC statement, "Fake Debt Collectors," http://www.consumer.ftc.gov/articles/02580-fake-debt-collectors.

29.

The Seventh Circuit has held that at Defendant must list the "amount of the debt" because "[t]he unpaid principal balance is not the debt; it is only a part of the debt." *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.,* 214 F.3d 872, 875 (7th Cir.2000).

30.

"The unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt. The requirement is not satisfied by listing a phone number. What they certainly could do was to state the total amount due—interest and other charges as well as principal—on the date the dunning letter was sent. We think the statute required this." *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.,* 214 F.3d 872, 875, 876 (7th Cir.2000).

11

31.

If the debt collector is attempting to collect the past due portion of an unaccelerated debt, the "amount of the debt" is the past due portion, not the whole debt. *Barnes v. Advanced Call Ctr. Techs., LLC*, 493 F.3d 838 (7th Cir. 2007); *Castro v. Green Tree Servicing*, 10cv7211, 2013 WL 4105196 (S.D.N.Y., Aug. 14, 2013); *Adlam v. FMS, Inc.*, 09 Civ. 9129, 2010,WL 1328958 (S.D.N.Y., April 5, 2010). However, the nature of the number has to be "clearly" described. Obfuscatory statements about the amount due have been found to violate §1692g(a)(1). *Chuway v. National Action Financial Services*, 362 F.3d 944 (7th Cir. 2004).

32.

The FDCPA, 15 U.S.C. §1692g(a)(1) requires disclosure of the "amount of the debt that is owed." What is missing from that language is any mention of court costs, attorney's fees, or other penalties which may be imposed by statute. That is because the "amount of the debt" provision is designed to inform the debtor (who, remember, has a low level of sophistication) of what the *obligation* is, *not* what the final, worst-case scenario *could* be. *Veach v. Sheeks*, 316 F. 3d 690 - Court of Appeals, 7th Circuit 2003.

## VI. FACTUAL ALLEGATIONS

33.

Defendant Trott is attempting to collect an alleged residential mortgage debt from Plaintiff while representing Nationstar Mortgagee LLC.

34.

On or about September 30, 2014, Trott sent Plaintiff a collection letter advising Plaintiff and the Class members that it was collecting a debt and the client they were collecting it for was Nationstar Mortgage, LLC at **Exhibit 1**.

35.

In the letter at **Exhibit 1**, Defendant states in part that:

THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.

September 30, 2014

David Salewske
817 E. State St.
Cheboygan, MI , 49721-9577

RE: David Salewske
4498 S. River Rd
Cheboygan, MI , 49721-9577
T&T #398748F06
Loan #0618587661

Dear David Salewske:

**Your mortgage loan has been referred to our firm for foreclosure. (in bold)** Our client, Nationstar Mortgage LLC, has referred your loan to us for foreclosure. While the foreclosure process has begun, you still may have alternatives available to you to avoid the foreclosure sale.

Trott & Trott, P.C.
Foreclosure Department

Please contact this office at the aforementioned number if you are on active military duty. To the extent your original obligation has been discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and/or is notice of the creditor's intent to enforce a lien against the property and does not constitute a demand for payment or an attempt to impose personal liability for such obligation.

36.

Plaintiff was not in bankruptcy or in the military at the time he received this notice at **Exhibit 1**. The name of the creditor that is enforcing the lien through Trott is not named in the letter in violation of 15 U.S.C. § 1692g, validation and dispute notice section.

37.

Congress' intent in enacting § 1692g was to provide an alleged debtor with proper notice of the amount of the debt and the creditor who is pursuing the debtor to allow consumers to respond to the initial communication of a collection agency. The Letter at **Exhibit 1** is crafted to avoid providing the name of the creditor and amount of debt especially if the debtor is seeking reinstatement in not naming the creditor.

38.

The collection letter sent to Plaintiff and Michigan consumers at **Exhibit 1** fails to state the name of the creditor in violation of § 15 USC 1692g(a)(2).

39.

14

As a debt collector, Defendant Trott has notified Plaintiff and all other class members receiving the letter at **Exhibit 1** that it has been hired to foreclose on their home and the process of foreclosure has already begun.

40.

Further, the FDCPA, 15 U.S.C. §1692g(a) requires disclosure of the name of the creditor, amount of debt, and the validation and dispute rights to the Michigan Class Member that receives this type of letter. This is not listed in the letter at **Exhibit 1**.

41.

The Plaintiff is informed and believes, and on that basis alleges, that the Letter at **Exhibit 1** is actually a computer-generated, mass-produced, letter that is sent to the class of Michigan consumers as an initial collection letter under 15 U.S.C. §1692.

42.

Plaintiffs are informed and believe, and on that basis allege, that the Defendants have a policy and practice of sending consumers such as the members of the Michigan Class, computer-generated, mass-produced, letters -- in the form of the Trott Letter at **Exhibit 1** -- in violation of 15 U.S.C. §§ 1692g and 1692e.

### a. *Violation of the FDCPA*

43.

15

In Plaintiff's case, in violation of the FDCPA, the creditor is not named in the letter or identified.   **Please see Exhibit 1**.

44.

Under the definitions of the FDCPA, a debt collector must clearly identify the creditor it is collecting for in the initial letter to a debtor under 15 U.S.C. §1692g(a)(1)-(5).

45.

The letter at **Exhibit 1** does not provide the amount owed on the date the letter is sent in violation of the FDCPA. What they certainly could do was to state the total amount due—interest and other charges as well as principal—on the date the dunning letter was sent. We think the statute required this." *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.,* 214 F.3d 872, 875, 876 (7th Cir.2000)

46.

The correct identification of the creditor is mandated by Federal law in the first letter to consumers and important because consumers have different rights with respect to the creditor and servicer and a debt collector. 15 U.S.C. § 1692g(a)(2).   Numerous courts have recognized that the FDCPA's purpose - to eliminate abusive debt collection practices - would be undermined if subsequent debt collectors were excused from complying with the requirements contained in

16

section 1692g. *Wright v. Ocwen Loan Servicing, LLC*, 12-14762, 2013 WL 5532687, at 4-5 (E.D.Mich. Oct.7, 2013), See, also *Lewis v. Nationstar Mortgage*, *F*.Supp.2d —, 13-11693, 2014 WL 1089557, at 7-10 (E.D.Mich. March 18, 2014).

47.

Further, the letter violates 15 U.S.C. 1692e (10) by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt.

### a. RCPA

48.

Defendants have violated the Regulation of Collection Protection Act (RCPA) 445.251 et seq., but are not necessarily limited to the following:

a. Defendants have violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt.

b. Defendants have violated MCLA 445.252(f) Misrepresenting in a communication with a debtor any of the following:

(ii)The legal rights of the creditor of debtor

c. Defendants have violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

17

d. Defendant Trott has violated MCLA 445.252(h) by communicating with a consumer even though they are represented by an attorney.

## VI. CLASS ACTION ALLEGATIONS

### 49.

Plaintiff realleges the above pleadings.

### 50.

Plaintiff brings this lawsuit as a class action. Plaintiff tentatively defines two classes as all persons in the State of Michigan who, during the one year (FDCPA) and six years (RCPA) prior to the filing of this complaint, were sent letters similar to **Exhibit 1**. Plaintiff may subsequently redefine the class definition in light of discovery.

### 51.

The FDCPA Class consists of (i) all persons with a Michigan address that have received the Trott collection letter that is in violation of 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692g(a)(1), 15 U.S.C. § 1692g(a)(2), 15 U.S.C. §§ 1692e(A)(2) and 15 U.S.C. § 1692e, (ii) in which Trott is collecting a debt through a letter from Defendant similar to **Exhibit 1**, (iii) the debt collector does not list the true creditor, (iv) without the true amount owed on the debt, (iv) which letter was sent during the one year period immediately preceding the filing of this complaint and the date of

18

class certification.

52.

The RCPA Class consists of (i) all persons with a Michigan address that have received the collection letter that is in violation of MCLA 445.252(e), MCLA 445.252(f) and (q), (ii) in a collection letter from Defendant similar to **Exhibit 1**, and (iii) which letter was sent during the six year period immediately preceding the filing of this complaint and the date of class certification.

53.

There are questions of law and fact common to each class, which common issues predominate over any issues involving only individual class members. The principal and common issue is whether Defendants' conduct in connection with the mailing of **Exhibit 1** and similar letters to consumers violates the FDCPA and/or RCPA with Trott sending a collection letter without stating who the creditor is or the true amount of the debt under the FDCPA notice involved in the collection of a debt.

54.

There are no individual questions, other than whether the class member received one of the offending letters, which can be determined by a ministerial inspection of the records and collection notes of Defendants.

55.

Plaintiff will fairly and adequately protect the interests of the class. Plaintiff

is committed to vigorously litigating this matter. He is greatly annoyed at being the victim of Defendants' illegal practices and wishes to see that the wrong is remedied. To that end, he has retained counsel experienced in litigating the FDCPA, RCPA, consumer advocacy and class claims. Neither Plaintiff nor their counsel has any interests which might cause them to not vigorously pursue this claim.

56.

Plaintiff claims are typical of the claims of the classes, which all arise from the same operative facts and are based on the same legal theories.

57.

A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the consumers who receive **Exhibit 1** undoubtedly have no knowledge that their rights are being violated by illegal collection practices. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are $1,000. Management of this class claim is likely to present significantly fewer difficulties than those presented in many class claims, e.g, for securities fraud.

58.

Certification of each class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure is appropriate because:

20

(a)   The questions of law and fact common to the members of each class predominate over any questions affecting an individual member: and

(b)   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

59.

There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.   The predominant questions are:

    a.   Whether defendant had a practice of sending a debt collection letter while not offering the creditor or debt.

    b.   Whether doing so violated the FDCPA and RCPA.

60.

Certification of each class under Rule 23(b)(2) of the Federal Rules of Civil Procedure also is appropriate because Defendants have acted on grounds generally applicable to each class, thereby making declaratory and injunctive relief appropriate with respect to each class as a whole.

61.

Plaintiffs request certification of a hybrid class action, combining the elements of FRCP 23(b)(3) for monetary damages and FRCP 23(b)(2) for equitable relief.

## VII. CLAIMS FOR RELIEF

### Count 1-Fair Debt Collection Practices Act

62.

Plaintiff realleges the above pleadings.

63.

Defendant has violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

a. Defendants violated 15 U.S.C. 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt as mentioned above; and

b. Defendants violated 15 U.S.C. 1692e(10) with the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer as mentioned above.

c. Defendants violated 15 U.S.C. 1692g(a)(1) by failing to specify the amount owed by the debtor in the initial communication as mentioned above including costs, charges, attorney fees and payments owed; and

d. Defendant Trott violated 15 U.S.C. 1692g(a)(2) by failing to state the name of the creditor who the debt is owed to as mentioned above in the initial communication at **Exhibit 1**; and

22

e.  Defendant violated 15 U.S.C. 1692e(2)(a) by falsely representing the amount and character of the debt in **Exhibit 1** as mentioned above.

f.  Defendant violated 15 U.S.C. 1692g by not contacting Plaintiff with the validation and dispute rights required within five days of the initial contact of Plaintiff or class members with the letter form or type at **Exhibit 1**.

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a.  Statutory and Actual damages for Plaintiff in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b.  Statutory damages for the members of the FDCPA Class, *pro rata,* in the amount of the lesser of $500,000.00 or one percent centum of the net worth of Defendants pursuant to 15 U.S.C. 1692k(a)(2)(B);

c.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

d.  Such further relief as the court deems just and proper.

## Count 2-Michigan Collection Practices Act

64.

Defendants have violated the RCPA. Defendant's violations of the RCPA include, but are not necessarily limited to, the following:

a. Defendant violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt as mentioned above;

b. Defendant violated MCLA 445.252(f) by misrepresenting in a communication with a debtor any of the following:

   (ii)   The legal rights of the creditor of debtor using **Exhibit 1** as mentioned above.

c. Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

   **Wherefore**, Plaintiff seeks judgment against Defendant for:

a. Statutory damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2);

b. Statutory damages for each member of the MOC Class in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2), and without regards to defendant's net worth;

c. Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that defendant's debt collection practices violated the RCPA, as well as an injunction, enjoining Defendants from using **Exhibit 1** letters which violates Michigan law; and

24

d. Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2).

## VI. JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

Respectfully submitted,

Dated:      October 14, 2014

s/Brian P. Parker
BRIAN P. PARKER (P48617)
Attorney for Plaintiff

25